UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA RYLOTT-ROONEY,

          Plaintiff,

- against -

ALITALIA – LINEE AEREE ITALIANE – SOCIETA PER AZIONI,

          Defendant.

Index No. 07 CV 11091

ECF CASE

<u>ANSWER</u>

      Defendant Alitalia Linee Aeree Italiane, S.p.A. ("Defendant" or "Alitalia"), by its undersigned attorneys, hereby answers the Complaint of Plaintiff Linda Rylott-Rooney ("Plaintiff" or "Rylott-Rooney") as follows, in the same numbered order as the paragraphs therein appear:

<u>NATURE OF THE ACTION</u>

      1.     Defendant admits the allegation in paragraph 1 of the Complaint, except denies that it has committed any discriminatory acts with respect to Plaintiff.

      2.     The allegations set forth in paragraph 2 of the Complaint constitute mere legal conclusion or argument, and therefore require no response.

      3.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegation set forth in paragraph 3 of the Complaint, and therefore denies the same.

      4.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegation set forth in paragraph 4 of the Complaint, and therefore denies the same.

1

5. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegation set forth in paragraph 5 of the Complaint, and therefore denies the same.

## PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Rylott-Rooney's residence, and further states that Minneapolis is not a state.

7. Defendant admits that Alitalia is an Italian corporation, but denies that it is a "foreign business corporation duly existing under the laws of the State of New York." Further answering, Defendant states that it is admitted to do business in the State of New York.

8. Defendant admits the allegation in paragraph 8 of the Complaint.

## ALLEGATIONS

9. Defendant denies the allegation in paragraph 9 of the Complaint. Further answering, Defendant states that Plaintiff began working for Alitalia on January 4, 1982.

10. Defendant admits the allegations in paragraph 10 of the Complaint, except states that Plaintiff's last position with Alitalia was Manager, National and Corporate Accounts.

11. Defendant admits the allegation in paragraph 11 of the Complaint.

12. The allegations set forth in paragraph 12 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 12 contains any factual assertions, Alitalia denies them.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint, except denies that Plaintiff was fired because of her citizenship.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits the allegation in paragraph 16 of the Complaint.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant admits the allegations in paragraph 18 of the Complaint.

19. Defendant admits the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegation in paragraph 21 of the Complaint, but admits that Plaintiff was given two weeks of pay in lieu of notice and three weeks of medical coverage.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegation in paragraph 24 of the Complaint.

25. The allegations set forth in paragraph 25 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 25 contains any factual assertions, Alitalia denies them.

26. The allegations set forth in paragraph 26 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 26 contains any factual assertions, Alitalia denies them.

27. The allegations set forth in paragraph 27 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 27 contains any factual assertions, Alitalia denies them.

28. The allegations set forth in paragraph 28 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 28 contains any factual assertions, Alitalia denies them.

29. The allegations set forth in paragraph 29 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 29 contains any factual assertions, Alitalia denies them.

30. The allegation set forth in paragraph 30 of the Complaint consists of mere legal argument and conclusion, and therefore requires no response.

31. The allegations set forth in paragraph 31 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 31 contains any factual assertions, Alitalia denies them.

32. The allegations set forth in paragraph 32 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 32 contains any factual assertions, Alitalia denies them.

33. Defendant denies the allegations in paragraph 33 of the Complaint, except admits that a meeting was held in 2002 at which Mr. Gallo, Mr. Fabiani and Mr. Mengozzi were present.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

## FIRST CAUSE OF ACTION
### (Discrimination Under State Law)

37. Defendant repeats and realleges its answers to paragraphs 1 through 36 of the Complaint as though fully set forth herein in response to the allegations in paragraph 37.

38. Defendant admits that Section 296(1)(a) of the New York State Executive Law is accurately quoted in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint, but admits that the Title 8-107(13) of the New York City Administrative Code is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor."

41. The allegations set forth in paragraph 41 of the Complaint consist of mere legal argument and conclusion, and therefore require no response.

## SECOND CAUSE OF ACTION
### (Aiding and Abetting Under State Law)

42. Defendant repeats and realleges its answers to paragraphs 1 through 41 of the Complaint as though fully set forth herein in response to the allegations in paragraph 42.

43. Defendant denies the allegation set forth in paragraph 43 of the Complaint, but admits that Section 296(6) of the New York State Executive Law reads as follows: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

44. The allegations set forth in paragraph 44 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 44 contains any factual assertions, Alitalia denies them.

## THIRD CAUSE OF ACTION
### (Discrimination Under New York City Law)

45. Defendant repeats and realleges its answers to paragraphs 1 through 44 of the Complaint as though fully set forth herein in response to the allegations in paragraph 45.

46. Defendant admits that Section 8-107(1)(a) of the New York City Administrative Code is accurately quoted in paragraph 46 of the Complaint.

47. The allegations set forth in paragraph 47 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 47 contains any factual assertions, Alitalia denies them.

48. Defendant denies the allegations in paragraph 48 of the Complaint, but admits that the Title 8-107(13) of the New York City Administrative Code is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor."

49. The allegations set forth in paragraph 49 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 49 contains any factual assertions, Alitalia denies them.

## FOURTH CAUSE OF ACTION
### (Aiding and Abetting Under New York City Law)

50. Defendant repeats and realleges its answers to paragraphs 1 through 49 of the Complaint as though fully set forth herein in response to the allegations in paragraph 50.

51. Defendant denies the allegation set forth in paragraph 51 of the Complaint, but admits that Section 8-107(6) of the New York City Administrative Code reads as follows: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

52. The allegations set forth in paragraph 52 of the Complaint consist of mere legal argument and conclusion, and therefore require no response.

## FIFTH CAUSE OF ACTION
### (Negligent and Intentional Infliction of Emotional Distress)

53. Defendant repeats and realleges its answers to paragraphs 1 through 52 of the Complaint as though fully set forth herein in response to the allegations in paragraph 53.

54. The allegations set forth in paragraph 54 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 54 contains any factual assertions, Alitalia denies them.

55. The allegations set forth in paragraph 55 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 55 contains any factual assertions, Alitalia denies them.

56. The allegations set forth in paragraph 56 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 56 contains any factual assertions, Alitalia denies them.

57. The allegations set forth in paragraph 57 of the Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 57 contains any factual assertions, Alitalia denies them.

## **INJURY AND DAMAGES**

58. The allegations set forth in paragraph 58 of the Complaint consist of mere legal argument and conclusion, and therefore require no response.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the any of the relief prayed for.

## **DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims of intentional and negligent infliction of emotional distress are barred by the statute of limitations.

3. Plaintiff's claim of negligent infliction of emotional distress is barred by New York State's Workers' Compensation Law.

4. Plaintiff never complained to Alitalia about any alleged discrimination.

5. On information and belief, Defendant asserts that Plaintiff failed to make reasonable efforts to mitigate any damages she may have suffered.

6. Defendant has, in good faith, implemented a grievance procedure designed to address any instances of discrimination that may arise within Alitalia, thus precluding the availability of punitive damages.

7. Plaintiff has failed to serve a copy of her Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, and so has not complied with Section 8-502 of the New York City Administrative Code.

**WHEREFORE,** Defendant prays that the Court dismiss Plaintiff's Complaint in its entirety and award Defendant such further relief as to the Court may seem just and proper.

Dated: New York, New York.
January 9, 2008

Respectfully submitted,

**VEDDER PRICE P.C.**

By: /s/ Alan M. Koral
Alan M. Koral (AK 1503)
Daniel C. Green (DG-0059)

1633 Broadway, 47th Floor
New York, New York 10019
Phone: (212) 407-7700
Fax: (212) 407-7799

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA RYLOTT-ROONEY,<br><br>                        Plaintiff,<br><br>      -against-<br><br>ALITALIA – LINEE AEREE ITALIANE – SOCIETA PER AZIONI,,<br><br>                        Defendants. | **Index No.: 07 CV 11091**<br><br>**ECF CASE** |

      I, Daniel Green, hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, that on January 9, 2008, I caused a copy of the foregoing **ANSWER** to be served by electronically filing same, thereby ensuring that the following party, who registered to receive e-notices in this case, received a copy of same:

                                      Fausto E. Zapata, Jr., Esq. (FZ 4957)
                                      Law Office of Fausto E. Zapata, Jr.
                                      305 Broadway
                                      Suite 1101
                                      New York, NY 10007

                                      *Attorney for Plaintiff*
                                      *Linda Rylott-Rooney*

DATED:  New York, New York        s/  Daniel C. Green
              January 9, 2008              Daniel C. Green

9