UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LINDA RYLOTT-ROONEY,

                Plaintiff,

-against-

ALITALIA - LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,

                Defendant.

-------------------------------------------------------------X

Case No.: 07 CV 11091 (JSR)

**ECF CASE**

**PLAINTIFF'S FIRST INITIAL RULE 26 DISCLOSURES**

    Plaintiff, by her attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., respectfully submit, pursuant to rule, 26(a) et Seq. of the Federal Rules of Civil Procedure, the initial discovery disclosure as follows:

  (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identify the subjects of the information.

Where the address is not listed, plaintiff does not know the address of the individual, but this information should be in possession of the Defendant.

1. Francesco Gallo, former employee of Defendant, can address Defendant's internal policy of discriminating against its employees on the basis of age, national origin and citizenship. He was also one of the persons that effectuated Defendant's policy of unlawful discrimination by terminating Plaintiff's employment.
2. Francesco Mengozzi, CEO of Alitalia, can address Defendant's internal policy of discriminating against its employees on the basis of age, national origin and citizenship.
3. Guilio Libutti, SVP Sales North America, can address Defendant's internal policy of discriminating against its employees on the basis of age, national origin and citizenship.
4. Paolo Fabiani, employee of Defendant, can address Defendant's internal policy of discriminating against its employees on the basis of age, national origin and citizenship.
5. Marco Zanichelli, employee of Defendant, can address Defendant's internal policy of discriminating against its employees on the basis of age, national origin and citizenship.

6. Mario D'Angelo, employee of Defendant, can address Defendant's internal policy of discriminating against its employees on the basis of age, national origin and citizenship.
7. Antonio Pola, employee of Defendant, can address Defendant's internal policy of discriminating against its employees on the basis of age, national origin and citizenship.
8. Neil Wulf, employee of Defendant, can address Defendant's internal policy of discriminating against its employees on the basis of age, national origin and citizenship. He was present when Mr. Mengozzi attacked Mr. Gallo for not firing enough old people in December 2003.
9. Howard Tiegel, employee of Defendant serving in the capacity of VP of Human Resources, can address the hostile work environment, unlawful discriminatory and retaliatory conduct of Defendant.
10. Marco D'Ilario, employee of Defendant, can address Defendant's internal policy of discriminating against its employees on the basis of age, national origin and citizenship. He was also one of the persons that effectuated Defendant's policy of unlawful discrimination by terminating Plaintiff's employment.
11. Gabriele Mariotti, a former employee of Defendant, can address the hostile work environment, the unlawful discriminatory conduct and the discrimination that he was subjected to. 101 Milan Hallow Road, Rhineback, New York 12572.
12. Esther Lorusso, a former employee of Defendant, can address the hostile work environment, the unlawful discriminatory and retaliatory motivating factors of Defendant. She has her own lawsuit against Defendant for unlawful discriminatory conduct.
13. Khursheed Palkhiwala, a former employee, can address the hostile work environment, the unlawful discriminatory and retaliatory motivating factors of defendants. She has her own lawsuit against Defendant based on unlawful discrimination.
14. Ana Mariani, a former employee of Defendant, can address the hostile work environment, the unlawful discriminatory and retaliatory motivating factors of Defendant. 1 Cumberland Drive, Yonkers, NY, 914-237-3422.
15. Merylin Abbott Still, a former employee of Defendant, can address the hostile work environment, the unlawful discriminatory and retaliatory motivating factors of Defendant.
16. Cecyl Tamayo, a former employee of Defendant, can address the hostile work environment, unlawful discriminatory and retaliatory motivating factors of defendants. She was fired because she was perceived to be a sick person and a lesbian.
17. Concetta Corso, an employee of Defendant, can address the hostile work environment, unlawful discriminatory and retaliatory motivating factors of defendants. Mr. Gallo was ordered to fire her because she was pregnant.
18. Betty Santella, an employee of Defendant, can address the hostile work environment, unlawful discriminatory and retaliatory motivating factors of defendants. Mr. Gallo was ordered to terminate her employment because she was perceived as being a lesbian.

(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

Plaintiff is in the process of assembling those documents in his possession including numerous documents from when she was an employee of Defendants. These documents will be provided to Defendants.

Plaintiff reserves the right to supplement/amend this response as more information becomes available.

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

At this early juncture, Plaintiff is claiming the following damages:

| | |
|---|---|
| Past Lost Wages: | $ 276,643 |
| Future Lost Wages: | $1,971,593 |
| Emotional Distress & Physical Injury: | $10,000,000 |
| Punitive Damages: | $100,000,000 |

Plaintiff reserves the right to supplement/amend this response as more information becomes available.

(D) for inspection and copying as under Rule 34 any insurance under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

N/A

Dated:        New York, New York
              January 25, 2008

                        Respectfully submitted,

                        The Law Offices of Fausto E. Zapata, Jr., P.C.

                By:   /s/ Fausto E. Zapata, Jr.
                        Fausto E. Zapata, Jr., Esq. (FZ 4957)
                        305 Broadway, Suite 1101
                        New York, NY 10007
                        Phone: 212-766-9870
                        Fax: 212-766-9870

                        Attorneys for Plaintiff

TO:
Alan M. Koral
Daniel C. Green
VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
Attorneys for Defendant
1633 Broadway, 47th Floor
New York, New York 10019-7513
212-407-7700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 07 CV 11091

------------------------------------------------------------X

LINDA RYLOTT-ROONEY,

**ECF CASE**

                Plaintiff,

   -against-

ALITALIA - LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,

                Defendant.

------------------------------------------------------------X

    I, Fausto E. Zapata, Jr., hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, that on January 28, 2008, I caused a copy of the foregoing **RULE 26(a) INITIAL DISCLOSURES** to be served by electronically filing same, thereby ensuring that the following party, who registered to receive e-notices in this case, received a copy.

                Alan M. Koral (AK 1503)
                Daniel C. Green (DG 0059)
                VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
                Attorneys for Defendant
                1633 Broadway, 47th Floor
                New York, New York 10019-7513

                *Attorneys for Defendant*
                *Alitalia-Linee Aeree Italiane –Societa Per Azioni*

DATED: New York, New York        s/ Fausto E. Zapata, Jr.
          January 28, 2008                  Fausto E. Zapata, Jr.