## ALITALIA'S RESPONSE TO THE CHARGE OF DISCRIMINATION

### A. Charging Party's Allegations Of National Origin And Age Discrimination In Connection With Her Discharge Are Without Merit.

In her Charge of Discrimination, Charging Party alleges that she was discriminated against because she is an American who was fifty-three years old at the time of her discharge. These allegations are false. As stated above, Charging Party was discharged as a result of a company reorganization. Due to financial business reasons, Alitalia had previously closed its Minneapolis office, and although it tried to sustain Charging Party's employment, ultimately, as a result of further financial difficulties and reductions, Alitalia decided to centralize sales and marketing in New York, eliminating the need for the manager position held by Charging Party.

#### 1. Charging Party's Manager Position Was Not The Only Manager Position Eliminated.

As described above, at or around the same time of Charging Party's discharge, Alitalia also closed its Boston, Chicago and Miami offices. As a result, the Sales Manager positions at these locations were also eliminated. The elimination of these positions at the offices mentioned above evidences that Respondent did not discriminate against Charging Party. Moreover, none of the managers employed at those locations were transferred into another position at Alitalia.

### B. Charging Party's Allegation That She Was Not Offered An Opportunity To Transfer Fails To Give Rise To An Inference Of Discrimination.

Charging Party alleges that during the termination meeting, she was not offered a transfer to any other position. As stated above, given the prior closing of the Minneapolis office, and the elimination of manager positions in other offices, at or around the time of Charging Party's discharge, there was no position available for Charging Party.

Charging Party further alleges that older American employees were selected for position elimination over younger Italian employees who were transferred and retained. Respondent has no knowledge of the individuals Charging Party refers to in her Charge. As stated above, at the time of Charging Party's discharge, three other Sales Manager positions were eliminated. Such facts fail to give rise to an inference of discrimination.

- **Charging Party's Employment With Alitalia.**

Charging Party commenced employment with Alitalia on or about December 28, 1981 as a Passenger Sales Representative at Alitalia's Detroit, Michigan office. Throughout her tenure, Charging Party was promoted several times, including to the positions of Area Sales Supervisor at Alitalia's Cleveland, Ohio office, District Sales Manager at Alitalia's Chicago, Illinois office and Manager of Client Relationship Center at Alitalia's Minneapolis, Minnesota office. As recently as on August 15, 2002, Charging Party was promoted to Manager of National and Corporate Accounts in Minneapolis. Charging Party remained in that position until her discharge on or about December 8, 2004, when her position was eliminated.

Alitalia has for a number of years gone through a series of reorganizations and restructuring in an attempt to maximize the Company's profit levels and reduce labor costs. For example, a few years prior to Charging Party's discharge, Alitalia closed its Minneapolis office. Despite the closure of this office, Respondent retained Charging Party in its employ, having her report to the New York office while working from her home. All other employees in the Minneapolis office were discharged.

At or around the time of Charging Party's discharge, another corporate decision was made to centralize all marketing and sales through Alitalia's New York City office and to close those offices where sales profit levels did not justify labor costs. As a result, Alitalia decided to close its Boston, Chicago and Miami offices. All sales manager positions in these offices were eliminated. At this time, Respondent also re-evaluated the need for Charging Party's position. After a review of Charging Party's job responsibilities, a determination was made to eliminate the position. Charging Party's national origin and/or age had absolutely nothing to do with the decision to eliminate her position.

On or about December 8, 2004, a meeting was held with Charging Party, Charging Party's former supervisor, Marco D'Ilario, Senior Director of Sales USA and Mexico, and Mr. Francesco Gallo, Senior Vice President Corporate Affairs. Mr. Gallo explained the reasons for Charging Party's discharge. Specifically, Mr. Gallo explained that due to the profitability of the Company, a business decision had been made to reduce staffing levels of management sales positions and centralize those functions in New York. As a result, Charging Party's position was being eliminated. At no time during the termination meeting, nor at any time prior, did Charging Party request to be transferred.[1]

---

[1] Charging Party alleges that she was not offered to be recalled, however, Respondent is under no legal obligation to recall Charging Party. Respondent has no recall policy and Charging Party is not a union employee covered under a collective bargaining agreement.

Linda Rooney
6000 Leslee Lane
Edina, Minnesota 55436
952-938-3163

23 May 2005

Ms. Wendy Reiner
Federal Investigator
U.S. Equal Employment Opportunity Commission
Minneapolis area Office
330 South Second Avenue
Suite 430
Minneapolis, Minnesota  55401-2224

Charge No. 265-2005-00946
    Linda R. Rooney v. Alitalia Airlines

Dear Ms. Reiner:

Further to the request stated in your letter of May 16, 2005, please note that there are several areas of the Respondents statements with which I disagree.

**Charging Party's Employment with Alitalia.**

Please note that I was never the District Sales Manager in Chicago. I was transferred from Cleveland to the Minneapolis office as District Sales Manager. Subsequently this position was retitled, Manager of Client Relationship Center in Minneapolis. In August of 2002, in addition to the responsibilities of managing the Minneapolis Sales office I was given the added responsibility of Manager of National Accounts. In April of 2003, the Minneapolis Sales office closed. At this time, sales offices in Houston, Los Angeles, and San Francisco were also closed. Upon closing a severance package was given to all employees regardless of the number of years employed. The severance package outlined in the Alitalia Human Resource Departments brochure on "How to Conduct Layoff Discussions" included extended health care benefits, resume writing assistance, psychological counseling and a cash settlement (a copy of this brochure is enclosed for your reference). Management personnel were given three weeks salary for every year of service and all other employees' two weeks salary for every year of service. I was the only employee in these offices that was not offered this package. I stayed on at the physical location of AZ until August when I moved the office to my home. In January of 2004 I was given the additional responsibility for the Corporate Sales Staff in all Alitalia USA gateway locations.

It is stated that all marketing and sales were centralized to Alitalia's New York Sales Office. The office in Washington DC, did not close and the manager Nicholas DeBari (a

-P. 0011 -

younger man of Italian descent) retained his position and also given a portfolio of accounts in the Boston office. Additionally, James Prano, Manager of Offline Sales located in Phoenix, Arizona, retained his position in the Phoenix office. Jim, also a younger man of Italian descent, has the responsibility of sales for areas outside of Alitalia USA gateway locations.

Alitalia stated that sales profit levels did not justify labor costs. Sales in my personal portfolio in 2004 exceed 18Million USD versus 11Million USD in 2003. This represents a 70% increase in sales in 2004.

### ALITALIA'S RESPONSE TO THE CHARGE OF DISCRIMINATION

A. **Charging Party's allegations of National Origin and Age Discrimination In Connection with her Discharge are Without Merit.**

Please note my response above regarding Nick DeBari and James Prano. Additionally, note that the other managers in Chicago and Miami whose positions were eliminated were over 50 years of age and non-Italian. Other positions in the company that were eliminated: Ester Lorusso Director of Marketing-was given a Director position at another Alitalia Division-GA2000. Betty Santella-Marketing Manager was given the position of Manager of the Ticket Office. Both ladies are younger and of Italian descent.

B. **Charging Party's Allegation that she was not offered an Opportunity to Transfer Fails to give Rise to an Inference of Discrimination.**

As mentioned, though I have transferred in the past, this opportunity was not offered upon my termination. The position of Nick DeBari was retained and enhanced to cover the Boston area in addition to Washington DC. Several other Alitalia younger employees of Italian descent were promoted around the time of my dismissal. Lucia Ragno was promoted to Commercial Channel Manager of Retail Sales and John DiRienzo, Commercial Manager as assistant to National Sale Manager. I am qualified for both of these positions.

Please advise if any further information is needed.

Sincerely,

Linda R. Rooney


Linda Rooney
6000 Leslee Lane
Edina, Minnesota  55436


July 22, 2005


Ms. Peg Exley
Minnesota Department of Human Rights
190 E. 5th Street
Suite 700
St. Paul, Minnesota  55101

Ref:  45852   Linda Rooney  vs.  Alitalia Airlines


Dear Ms. Exley,


I received notice from the EEOC on Monday, July 18, 2004 that my above-mentioned case has been dismissed.


I do feel that I have been discriminated against. Initially, in May of 2003 when the office in Minneapolis closed, I was not offered a severance package that was given to all other employees located in Minnesota and elsewhere in the USA where offices were closed. This package would have provided for 66 weeks pay, insurance and other miscellaneous benefits.


When I was terminated in December 2004, I was told that there were no other jobs available and the company was unwilling to transfer me to another position. At this same time, several non Italian managers were also released from their positions while younger Italian management employees were retained. One younger, male, Italian employee was retained and subsequently sent to another city. Within the New York office, several managerial positions were eliminated and employees were given other management roles. Additionally, in the New York office, there were some newly created supervisory/management positions that younger Italian employees were promoted to.

I would request that the Minnesota Department of Human Rights review the EEOC decision.


Thank you for your assistance in this matter.


Best regards,



Linda Rooney



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Minneapolis Area Office



330 South Second Avenue, Suite 430
Minneapolis, MN 55401-2224
(612) 335-4040
TTY (612) 335-4045
FAX (612) 335-4044

Ms. Linda Rooney
6000 Leslee Lane
Edina, MN 55436

RE:    Charge No. 265-2005-00946
       Linda Rooney v. Alitalia Airlines

Dear Ms. Rooney:

The District Director has dismissed the above referenced charge of discrimination and issues you a Notice of Right to Sue. You now have the right to pursue this matter in U.S. District Court. Please see the attached information sheet explaining this right.

In your charge, you assert that you were laid off from your position because of your age/53 and national origin/American. Respondent has provided a legitimate, non-discriminatory reason for its decision to eliminate your position. The evidence is not sufficient to substantiate a finding of pretext in regard to this decision. Although you argue that younger Italian employees received more favorable treatment, the record does not indicate that you were actually similarly situated to any of the employees you identify as having received more favorable treatment. None of the identified employees hold the same position title as you or work in the same location as you. In addition, it is not likely that Respondent would have chosen to continue your employment when it closed its Minneapolis office a few years ago if it had a bias against you due to your age and/or national origin. As for your allegation that you should have been transferred in lieu of lay-off, the record does not show that you requested such a transfer or that Respondent's policy is to offer such transfers.

For these reasons, the totality of the evidence is insufficient to support your charge of discrimination. If you have questions or concerns regarding your charge, you can reach me in writing at the address or fax number found in the letterhead.

Sincerely,

7/14/05
Date

Wendy Reiner
Federal Investigator

Enclosures: Dismissal Forms, Information Sheet

-P. 0014-

EEOC Form 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Linda Rooney
6000 Leslee Lane
Edina, MN 55436

From: Minneapolis Area Office
330 South Second Ave
Suite 430
Minneapolis, MN 55401

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

EEOC Charge No.: 265-2005-00946
EEOC Representative: Wendy Reiner, Investigator
Telephone No.: (612) 334-4006

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission WR

_____    JULY 14 2005
John P. Rowe,                        (Date Mailed)
District Director

Enclosure(s)

cc: Miriam Lieberson
Jackson Lewis
59 Maiden Ln.
New York, NY 10038

- P. 0015 -

Phone: (952) 473-3031
Fax: (952) 473-3034



## Julian Hook
### ATTORNEY AT LAW

Park Avenue of Wayzata Building
15250 Wayzata Boulevard, Suite 107
Wayzata, MN 55391

27 January 2005

Francesco Gallo, Sr. V.P.,
Corporate and Regulatory Affairs
**Alitalia Airlines**
350 Fifth Avenue #3700
New York, NY 10118

Marco D'Ilario, Sr. Director
Sales USA & Mexico
**Alitalia Airlines**
350 Fifth Avenue #3700
New York, NY 10118

Re:    **Linda Rylott-Rooney**

Dear Messrs. Gallo & D'Ilario:

I represent Linda Rylott-Rooney regarding her termination from Alitalia Airlines on December 8, 2004. At the time of her termination, Ms. Rooney was Manager, National Accounts & Corporate Development in the Minneapolis office.

Ms. Rooney received 2 weeks pay in lieu of notice of termination and 3 weeks of medical coverage. This amount was discriminatory in the severance compensation that management and non-management employees received when they were terminated from 2002-2004.

Non-management employees received 2 weeks salary for every year they were employed by Alitalia Airlines without limitation as to the number of years employed. Management employees received 3 weeks salary for every year they were employed by Alitalia Airlines without limitation as to the number of years employed. These terms were provided to employees when the Los Angeles, San Francisco, Houston and Minneapolis offices were closed.

Ms. Rooney was employed by Alitalia for 23 years. She was not provided the same severance compensation as were the employees she was required to terminate in 2004. She was not provided severance compensation consistent with the Alitalia Human Resource Departments brochure on "How to Conduct Layoff Discussions."

Ms. Rooney did not signed an employment "at will" provision which other employees of Alitalia signed. You can verify your records to substantiate this fact. Ms. Rooney was not an "at will" employee at the time of her termination on December 8, 2004. Her wages at the time of her termination were $90,000 per year or $1730.77 per week. She is entitled to 3 weeks severance compensation for each of the 23 years she was employed by Alitalia Airlines. The amount of severance compensation she is entitled to is $119,423.13 (3 x 23 x $1730.77).

This letter is a demand upon Alitalia Airlines for payment of $119,423.13 on behalf of Ms. Rooney. If said sum is not paid within the next 10 days, legal action will be commenced against Alitalia Airlines in the State of Minnesota by service of a Summons and Complaint upon the Minnesota Secretary of State.

If you have any questions regarding this matter, please contact me.

Very truly yours,

Julian Hook

JH:jal

Cc:   Linda Rylott-Rooney