UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LINDA RYLOTT-ROONEY,                                   Index No.: 07 CV 11091
                      Plaintiff,                     (JSR)
                                                                       **ECF CASE**

                  -against-                                   **PLAINTIFF'S
                                                       INTERROGATORIES**


ALITALIA - LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,

                      Defendant.

------------------------------------------------------------------X

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

      Plaintiff, Linda Rylott-Rooney, by and through her attorneys, LAW OFFICES OF FAUSTO E. ZAPATA, JR., P.C., requests pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33.3 that Defendant (ALITALIA - LINEE AEREE ITALIANE – SOCIETA PER AZIONI) respond to the following interrogatories, in accordance with the following definitions and instructions.

## DEFINITIONS AND INSTRUCTIONS

      Unless otherwise specified, the terms used in these Interrogatories shall have the following meanings:

1. "Alitalia" refers to Defendant.

2. "Identify" and "state the identify" mean:

   a. When used with reference to a natural person, to state: (i) the person's full name; (ii) his or her present or last known business address and telephone number; (iii) his or her present or last known home address and telephone number; (vi) age; and, (v) national origin.

   b. When used with reference to an institution, organization, or business entity, to state: (i) the entity's legal name; and (ii) the location of its principal place of operation and main telephone number.

   c. When used with reference to a document, whether or not that document is presently in existence, to either produce that document or state: (i) the identity of the person who signed it or over whose name it was issued; (ii) the date of the document or, if

      undated, the date it was created; (iii) the nature and substance of the document or writing with sufficient particularity to enable the document to be identified; (iv) the identity of each person who created it or received an original or copy of it; (v) the present or last known location and custodian of the document of any copies; and (vi) if lost or destroyed, the date when lost or destroyed.

    d. When used with reference to a communication, to state: (i) the date when and place where it took place; (ii) the means of communication (e.g., telephone, correspondence, personal conversation); (iii) the identity of the participants; and (iv) the substantive information communicated.

3. "Date" means the exact day, month, and year if ascertainable, or, if not, your best approximation thereof.

4. In the context of an Interrogatory or a response thereto, whenever necessary to bring within the scope of the Interrogatory information that would otherwise be excluded therefrom, the singular shall mean plural, and the masculine gender shall mean the feminine, and vice versa.

5. "And" and "or" shall be construed either disjunctively or conjunctively so as to require the inclusion of materials or information that would otherwise be excluded.

6. If you object to any portion of an Interrogatory, provide all information called for by those portions of the Interrogatory to which you do not object. For those portions of any Interrogatory to which you object, state in detail the reason for such objection. With respect to each document, or portion thereof, withheld from production, please state the nature of the document (e.g., letter, memorandum, computer printout, etc.) and the date of the document, identifying the persons who sent and received the original or a copy of the document, and state the subject matter of the document.

7. If you cannot answer any of the following Interrogatories in full, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

8. Each Interrogatory not only calls for information known to plaintiff, but also calls for all information available to plaintiff through reasonable inquiry, including inquiry of plaintiff's representatives and agents.

9. The terms "relating to," "regarding," and "referring to" shall be interpreted broadly, including both explicit and implicit reference, and meaning (without limitation) relating to, regarding, referring to, constituting, defining, discussing, containing, construing, embodying, reflecting, stating, dealing with, prepared in contemplation of, prepared in connection with, prepared as a result of, or in any way pertaining to.

10. These discovery requests are of a continuing nature, so as to require supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).

11. The time period covered by these Interrogatories, unless indicated otherwise in a specific Interrogatory, is January 1, 2003, forward.

12. In the event any information is withheld by you on the basis of any claim of privilege or of attorney work product, state in writing with respect to all such information withheld particulars sufficient to permit a determination of the validity of that claim, including: (a) the name and position of each individual who has knowledge of the information; (b) the subject matter of the information; and (c) the grounds for the claim of privilege or attorney work product.

## INTERROGATORIES

### INTERROGATORY NO. 1:
Identify all individuals who participated in the decision to terminate Plaintiff's employment with Defendant.

### INTERROGATORY NO. 2.:
Identify current or former employees of Defendant that have alleged unlawful employment discrimination and/or retaliation against Defendant in: (a) an administrative charge; (b) lawsuit; and/or, (c) formal or informal complaint directed to Defendant, in the past ten years and what were the allegations of each of their complaints and related docket and/or case numbers, and the disposition or current status of such matters.

### INTERROGATORY NO. 3:
Identify all the reasons for Plaintiff's termination of employment.

### INTERROGATORY NO. 4:
Identify all individuals employed by Defendant that reported to work in the United States who were over the age of fifty (50) for each year beginning in 2002 through present.

### INTERROGATORY NO. 5:
Identify all individuals employed by Defendant that reported to work in the United States who were of American citizenship for each year beginning in 2002 through present.

### INTERROGATORY NO. 6:
Identify all individuals who were offered to participate in any reduction in force, severance agreements for multiple employees, or cessation of employment plan with Defendant from 2002 through present and why were they offered to participate in said plan? Who accepted the plan? Who did not accept the plan? Of those who did not, who was fired, for what reason and when?

**INTERROGATORY NO. 7:**
Identify all employees of Defendant that who investigated complaints of discrimination on the basis of unlawful discrimination from 2002 through 2008.

**INTERROGATORY NO. 8:**
Identify all the persons whom Francesco Gallo was instructed to terminate beginning in January 2002 through present and the reasons for such terminations.

**INTERROGATORY NO. 9:**
Identify all the persons whom Marco D'ilario was instructed to terminate beginning in January 2002 through present and the reasons for such terminations.

Dated:     New York, NY
           February 11, 2008

                              Respectfully submitted,


                              By:  /s/ Fausto E. Zapata, Jr.
                              Fausto E. Zapata, Jr., Esq. (FZ 4957)
                              LAW OFFICES OF FAUSTO E. ZAPATA, JR.
                              Attorneys for Plaintiff
                              305 Broadway, Suite 1101
                              New York, NY 10007
                              (212) 766-9870

TO:
Alan M. Koral (AK 1503)
Daniel C. Green (DG 0059)
VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
Attorneys for Defendant
1633 Broadway, 47th Floor
New York, New York 10019-7513
Tel: 212-407-7700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LINDA RYLOTT-ROONEY,                            Index No.: 07 CV 11091
                Plaintiff,                         (JSR)
                                                                           **ECF CASE**

      -against-


ALITALIA - LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,

                Defendant.

------------------------------------------------------------------X

      I, Fausto E. Zapata, Jr., hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, that on February 11, 2008, I caused a copy of the foregoing INTERROGATORIES to be served by electronically filing same, thereby ensuring that the following party, who registered to receive e-notices in this case has received a copy.

                Alan M. Koral (AK 1503)
                Daniel C. Green (DG 0059)
                VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
                Attorneys for Defendant
                1633 Broadway, 47th Floor
                New York, New York 10019-7513

                *Attorneys for Defendant*
                *Alitalia-Linee Aeree Italiane – Societa Per Azioni*


Dated: New York, New York        <u>s/ Fausto E. Zapata, Jr.</u>
       February 11, 2008           Fausto E. Zapata, Jr.