UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LINDA RYLOTT-ROONEY,                              Index No.: 07 CV 11091
                     Plaintiff,             (JSR)


     -against-


ALITALIA - LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,

                     Defendant.
------------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW IN
# OPPOSITION TO DEFENDANT'S MOTION TO DISMISS


Fausto E. Zapata, Jr. (FZ 4957)
**LAW OFFICES OF FAUSTO E. ZAPATA, JR.**
Attorneys for Plaintiff
New York, NY 10007
(212) 766-9870

**TABLE OF CONTENTS**

PLAINTIFF'S MEMORANDUM OF LAW IN ------------------------------------------------ 1

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ------------------------------ 1

    PRELIMINARY STATEMENT ------------------------------------------------------------- 1

STATEMENT OF FACTS -------------------------------------------------------------------- 2

ARGUMENT -------------------------------------------------------------------------------------- 2

STANDARDS ON A MOTION TO DISMISS ----------------------------------------------- 2

ARGUMENTS IN OPPOSITION -------------------------------------------------------------- 3

TO MOTION TO DISMISS --------------------------------------------------------------------- 3

    I.  DEFENDANT COMMITTED THE DISCRIMINATORY ACT IN NEW YORK -- 3

    II.  THE *LOCUS* OF IMPACT OF DISCRIMINATION WAS IN NEW YORK CITY 5

    III. COURTS ARE ONE IN STATING THAT THE STANDARD OF DETERMINATION IS THAT THE ACT OF DISCRIMINATION MUST BE MADE WITHIN NEW YORK ---------------------------------------------------------------------- 6

    IV.  THE CITY HUMAN RIGHTS LAW WAS INTENDED TO BE MORE PROTECTIVE THAN THE STATE LAW ------------------------------------------------- 7

As to Defendant's Motion to Dismiss (Point II) ------------------------------------------------ 8

CONCLUSION ------------------------------------------------------------------------------------- 8

## TABLE OF AUTHORITIES

### CASES

*Int'l Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC,* 470 F. Supp. 2d 345 (S.D.N.Y. 2007).................................................................................................................................. 6

*Joanne Hart v. Dresdner Kleinwort Wasserstein Securities, LLC.,* 2006 U.S. Dist. LEXIS 56710 (S.D.N.Y 2006).................................................................................................................................. 5, 7

*Jordan v. Bates Adv. Holdings, Inc.,* 11 Misc. 3d. 764 (1st Dept. 2006)........................................ 7

*Levy v. Southrbook Int'l Invs. Ltd.*, 263 F.3d 10 (2d Cir. 2001) ................................................. 2

<u>*Lucas v. Pathfinders, Inc.*</u> ............................................................................................................. 4

*Lucas v. Pathfinders, Inc.,* 2002 U.S. Dist LEXIS 8529 (S.D.N.Y. 2002) ....................................... 4

*Nechis v. Oxford Health Plans, Inc.*, 421 F. 3d 96, 100 (2d Cir. 2005)........................................ 2

*Rice v. Scudder Kemper Invs., Inc.* 2003 U.S. Dist LEXIS 14239 (S.D.N.Y. 2003)...................... 6

*Streit v. Bushnell*, 2006 WL 760273, at *4 (S.D.N.Y. 2006) ....................................................... 3

*Sweet v. Sheahan*, 235 F.3d 80 (2d Cir. 2000)............................................................................. 3

*Tebbenhoff v. Electronic Data Systems, Corp.,* 2005 U.S. Dist. LEXIS 29874 (S.D.N.Y. 2005) ................. 3

*Thomas Farrugia v. North Shore University Hospital,* 820 N.Y.S.2d 718 (1st Dept. 2006).......................... 7

Torrico v. IBM, 319 F. Supp. 2d 390, 399 (S.D.N.Y. 2004) ........................................................ 4

### STATUTES

New York City Human Rights Law (City Administrative Code § 8-107)................................. 1, 3

New York State Human Rights Law (Executive Law 296)....................................................1, 3, 4

PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Linda Rylott-Rooney ("Plaintiff") respectfully submits this Opposition to Defendant's Motion to Dismiss Complaint.

**PRELIMINARY STATEMENT**

Defendant's Motion to Dismiss should be denied in part, and also granted in part. Plaintiff concedes that Point II and Point II of the Defendant's Memorandum of Law in Support of its Motion to Dismiss should be granted. Point I should be denied in its entirety because it substantively fails to support the propositions put forth by Defendant in support of its motion.

Defendant's Motion to Dismiss frames arguments which ignore central facts and misinterprets both city and state law. Defendant argues that since Plaintiff was an out of state resident at the time that she was terminated she is not covered by the New York Human Rights Law, Executive Law § 296 ("State Law") or the New York City Human Rights Law, City Administrative Code § 8-107, ("City Law") because the impact of such discrimination was felt outside of New York. This argument misrepresents the law in that the location of where the discriminatory act occurred itself is relevant in determining where the impact of the discrimination was felt. Here, the discriminatory act by Defendant occurred in New York City, hence the discriminatory impact was felt in New York City.

Unlike the cases cited and heavily relied upon the *defendant-movant*, in the instant case, a discriminatory act was committed in New York City, where plaintiff was terminated in Defendant's New York Office. This alone qualifies this case to proceed, be

heard and be granted relief under the State Law and the City Law and therefore, the subject Motion to Dismiss should be denied.

## STATEMENT OF FACTS

Against this background, a 53 year-old employee – at the time of termination – of defendant who had been working for defendant since 1982 and has worked her way up to become the Manager of National Accounts of Alitalia - North America. Defendant fired Plaintiff because she was not Italian and was too old. (Comp. ¶ 10.) Defendant wanted younger Italian employees at Alitalia and Plaintiff did not fit this profile. (Comp. ¶ 13.)

On December 8, 2004, defendant was fired at the meeting with Mr. D'ilario, Francesco Gallo in their New York City office where she was working at that time. Plaintiff asked Mr. D'ilario and Mr. Gallo if there were any other positions available that she could fill and Plaintiff was told that there were none. Plaintiff's position was filled by other employees of Italian descent and significantly younger than Plaintiff. (Comp. ¶ 18-20.)

## ARGUMENT
## STANDARDS ON A MOTION TO DISMISS

In deciding a motion to dismiss, this Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the Plaintiff. *Nechis v. Oxford Health Plans, Inc.*, 421 F. 3d 96 (2d Cir. 2005). In drawing inferences in the light most favorable to the Plaintiff, the court should consider whether the Plaintiff is entitled to offer evidence to support her claims, not whether she will ultimately prevail. *Levy v. Southrbook Int'l Invs. Ltd.*, 263 F.3d 10, 14 (2d Cir. 2001). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts

2

which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). Here, Plaintiff has adequately pled her claims, and the Motion to Dismiss must be denied. *Streit v. Bushnell*, 2006 WL 760273, at *4 (S.D.N.Y. 2006).

## ARGUMENTS IN OPPOSITION
## TO MOTION TO DISMISS

## POINT I
## NEW YORK FEDERAL COURT HAS
## AUTHORITY TO TRY AND HEAR THIS CASE

**I. DEFENDANT COMMITTED THE DISCRIMINATORY ACT IN NEW YORK**

Defendant argues that plaintiff's instant claims under the City Law and State Law must be dismissed on the ground that the impact of defendant's conduct was outside New York State, hence, the New York Federal Court may not grant relief to her. We disagree.

While it is true that the State Law does not provide a non-resident with a private cause of action for discriminatory conduct committed outside of New York, the same is not true in this case.

It bears emphasis at this point that defendant never disputed the fact that it actually terminated plaintiff on December 8, 2004, in a meeting at their New York office at the time when plaintiff was working in the New York office. The very act of termination, which, in itself is already a manifestation of discrimination, was committed within the State of New York, and therefore, brings this case within the ambit of authority of this court.

We take solace in the ruling of the Court in the case of *Tebbenhoff v. Electronic Data Systems, Corp.,* 2005 U.S. Dist. LEXIS 29874, *14 * (S.D.N.Y. 2005), aff'd, 2007 U.S. App. LEXIS 14632 (2d Cir. 2007), which in part stated:

3

Furthermore, the decision to terminate plaintiff was made in New York. The fact that a decision to discriminatorily terminate a non-resident was made in New York can alone suffice to state a claim under NYSHRL. Torrico v. IBM, 319 F. Supp. 2d 390, 399 (S.D.N.Y. 2004).

Defendant, in its Motion to Dismiss, cited the case of *Lucas v. Pathfinders, Inc.*, 2002 U.S. Dist LEXIS 8529 (S.D.N.Y. 2002), to support its claim that the jurisdiction of the State Law does not extend to a non-resident employee. The said case is totally the opposite of what transpired in the instant complaint. In the case of *Lucas v. Pathfinder*, no discriminatory act was committed in New York City, save for the fact that the decision to terminate originated in New York City.

In the instant case, the act of termination occurred and was committed in New York City where plaintiff was working at that time.

In fact, the court in *Tebbenhoff* had the occasion to distinguish and emphasize that the case of *Lucas v. Pathfinders, Inc.*, which was heavily relied upon by herein defendant, cannot be used to support therein defendant's Motion to Dismiss, stating that:

> "Unlike those cases, (referring to Lucas v. Pathfinders, Inc.) however, here a discriminatory act was committed in New York City when defendant Capuano called and terminated plaintiff from defendant's New York City Offices. *See Launer v. Buena Vista Winery*, 916 F. Supp. 204, 214 (E.D. N.Y. 1996) (allowing NYCHRL action to proceed because the plaintiff's "firing occurred in New York") (*emphasis added*).

In *Launer v. Buena Vista Winery,* 916 F. Dupp. 204, 214 (E.D.N.Y 1996), the defendants maintained that the action had to be dismissed because Launer resided in New Jersey; defendants were California corporate residents with no officers in New York; and all alleged discriminatory acts against Launer were to have occurred within California. The Court believed otherwise and stressed that:

> Defendants continue to overlook the fact that the president of one of the companies allegedly made discriminatory remarks to Launer and faxed

4

him a memo with allegedly discriminatory remarks at the (718) telephone number.  Compl. At P 18.  Furthermore**, the firing occurred in New York.  Thus, the City action can proceed."** *(Emphasis added)*

Other cases followed suit.  Similar reasoning was followed by the Court in the case of *Joanne Hart v. Dresdner Kleinwort Wasserstein Securities, LLC.,* 2006 U.S. Dist. LEXIS 56710 (S.D.N.Y 2006), stating among others that the disability discrimination claims of a New Jersey plaintiff employee could proceed under the New York City Human Rights Law where the plaintiff was a resident of and worked in New Jersey, but the decision to fire him occurred in New York by defendants that were residents of California.  **The fact that actual firing occurred in New York City meant the case could proceed.**

The Court in that case went on to state that Courts have interpreted the provision on the New York State Human Rights Law to apply to an act of discrimination committed outside of the state against a state resident, as well as to a "discriminatory act committed in New York".

The same principle was reflected in the case of *Torrico v. International Business Machines Corp.,* 213 F. Supp 2d 390, 407 (S.D.N.Y. 2002), to wit:

> Whether an employee who is not a New York resident falls within the scope of the NYHRL's protection <u>depends not on the place of employment… but rather on where the alleged acts of discrimination took place</u>. (*Emphasis added*).

In sum, the cases cited by defendant on this issue are not on point in this case, therefore, deserves no weight and merit.

**II.  THE *LOCUS* OF IMPACT OF DISCRIMINATION WAS IN NEW YORK CITY**

5

Defendant further claimed that the impact of its offensive conduct was outside New York State and supported its theory by quoting the case of *Int'l Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC,* 470 F. Supp. 2d 345, 362 (S.D.N.Y 2007), erroneously stating thereon that the actual impact is felt at the employee's workplace upon employee's termination. Defendant has obviously misinterpreted this ruling. Please note that the Court never stated such principle.

On the contrary, the Court in this case even further bolstered Plaintiff's position that the "impact" is not necessarily the place of work or employment but where plaintiff actually felt the effect of the discriminatory act. The Court clearly emphasized that in determining *the location of the discrimination, courts have looked to the location of the impact of the offensive conduct. Thus, it is the site of impact, not the place of origination that determines where discriminatory acts occur. Int'l Heatlhcare Exchange, Inc. v. Global Healthcare Exchange,* LLC, 470 F. Supp. 2d 345, 362 (S.D.N.Y 2007).

Clearly, the impact of the act of discrimination in this case was felt in New York City. The severance of employment of plaintiff occurred in New York City, and the injury was suffered by Plaintiff in New York City. There is therefore, no doubt that the *locus* of impact is in New York City, hence, plaintiff's action can proceed.

As discussed in the case of *Torrico*, (*see also, Rice v. Scudder Kemper Invs., Inc.* 2003 U.S. Dist LEXIS 14239, at *14-15 (S.D.N.Y 2003), there is no New York Authority to suggest that the impact of a discriminatory act must be felt within New York for the NYHRL to apply.

**III. COURTS ARE ONE IN STATING THAT THE STANDARD OF DETERMINATION IS THAT THE ACT OF DISCRIMINATION MUST BE MADE WITHIN NEW YORK**

6

Still in the case of *Joanne Hart v. Dresdner Kleinwort Wasserstein Securities, LLC.*, 2006 U.S. Dist. LEXIS 56710 (S.D.N.Y. 2006), the Court stressed further that the only logical standard in determining whether or not a case for discrimination filed by a non-resident plaintiff may proceed in New York is that the act of discrimination was made within New York City, as in this case, to wit:

> Although the courts differ on whether the impact of a discriminatory action must be felt within the five boroughs, **all the courts agree that the discriminatory acts must be made within the City**, which the Court concludes occurred here. **Especially in light of the legislature's preference for courts to interpret the New York City Human Rights Law expansively**…" *(Emphasis added).*

Given this legal framework, it is obvious that the issue on the site of impact challenged by defendant must fail.

## IV. THE CITY HUMAN RIGHTS LAW WAS INTENDED TO BE MORE PROTECTIVE THAN THE STATE LAW

In the case of *Thomas Farrugia v. North Shore University Hospital*, 820 N.Y.S.2d 718 (1st Dept. 2006), the Court stated that the New York City Human Rights Law was intended to be more protective than the state and federal counterparts. The same legal principle was stated in the case of *Jordan v. Bates Adv. Holdings, Inc.*, 11 Misc. 3d. 764, 770 (1st Dept. 2006), that:

> In enacting the more protective Human Rights Law, the New York City Council has exercised a clear policy choice which this court is bound to honor. The Administrative Code's legislative history clearly contemplates that the New York City Human Rights Law be liberally and independently construed with the aim of making it the most progressive in the. [1] Thus, the case law that has developed in interpreting both the state Human Rights Law and title VII of the Civil Rights Act of 1964 should merely serve as a base for the New York City Human Rights Law, not its ceiling. (See also Local Law No. 85 [2005] of City of New York Section 1] [Local Civil Rights Restoration [*6] Act of 2005]; Council Report of [**748] Governmental Affairs Div., Comm. on General Welfare, Aug. 17, 2005.)" *(Emphasis added).)*

7

The aforementioned ruling simply provides that the provisions of the New York City Human Rights Law should be construed liberally. In fact, such ruling led to the passage of the *Restoration Act in 2005 (Local Law No. 85 [2005] of City of New York*, wherein it was stated that:

> The Restoration Act requires that provisions of the City's Human Rights Law hereafter be construed liberally to accomplish the 'uniquely broad and remedial ' purposes of the local law, 'regardless of whether the federal or New York State…. Human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed" *(Emphasis added).*

Simply put, the New York City Human Rights Law is to be interpreted in a manner where it best accomplishes its purpose, and that is to protect any victim of its violation, regardless of residency.

### As to Defendant's Motion to Dismiss (Point II)

Plaintiff recognizes the law and jurisprudence supporting herein defendant's claim, hence, concedes on this point.

### CONCLUSION

A denial of defendants' motion to dismiss certainly reflects that a declaratory judgment that their conduct violated the New York City Human Rights Law and New York State Human Rights Law of the plaintiff will have an impact on employees her age belonging to the same demography while if relief to plaintiff is denied, they face the prospect of continuing discrimination and persecution fostered by an antagonistic state government.

      Plaintiff respectfully requests that the Court deny defendant's motion and start discovery. If the Court finds the Complaint lacking, plaintiff respectfully requests leave to amend.

Dated: New York, New York
       February 13, 2008

**LAW OFFICES OF FAUSTO E. ZAPATA, JR. P.C.**

By: <u>s/ Fausto E. Zapata, Jr.</u>
    **Fausto E. Zapata, Jr. (FZ 4957)**
    305 Broadway, Suite 1101
    New York, NY 10007
    (212) 766-9870
    (212) 766-9869 (fax)
    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LINDA RYLOTT-ROONEY,                             Index No.: 07 CV 11091
                     Plaintiff,                   (JSR)
                                                                         **ECF CASE**

      -against-


ALITALIA - LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,

                     Defendant.

------------------------------------------------------------------X

       I, Fausto E. Zapata, Jr., hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, that on February 13, 2008, I caused a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS to be served by electronically filing same, thereby ensuring that the following party, who registered to receive e-notices in this case has received a copy.

                                Alan M. Koral (AK 1503)
                                Daniel C. Green (DG 0059)
                                VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
                                Attorneys for Defendant
                                1633 Broadway, 47th Floor
                                New York, New York 10019-7513

                                *Attorneys for Defendant*
                                *Alitalia-Linee Aeree Italiane – Societa Per Azioni*


Dated: New York, New York                         s/  Fausto E. Zapata, Jr.
          February 11, 2008                         Fausto E. Zapata, Jr.