UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LINDA RYLOTT-ROONEY,
            Plaintiff,

-against-

ALITALIA – LINEE AEREE ITALIANE SpA,

           Defendant.
-------------------------------------------------------------X

Index No.: 07 CV 11091

**AMENDED COMPLAINT**
Plaintiff Demands a Jury

RECEIVED
APR 17 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Linda Rylott-Rooney, by and through her attorneys, LAW OFFICES OF FAUSTO E. ZAPATA, JR., P.C., complaining against Defendant, Alitalia – Linee Aeree Italiane SpA, alleges as follows upon information and belief:

## NATURE OF THE ACTION

1. This action is brought to challenge Defendant's discriminatory conduct on the basis of age and citizenship, in terms and privileges of employment, in violation of the New York Human Rights Law, New York Executive Law §290 et seq., and the New York City Human Rights Law, Administrative Code of the City of New York §8-101 et seq.

2. Plaintiff seeks declaratory relief, damages and other legal relief pursuant to the New York State Executive Law §296a(1), and §8-107 of the New York City Administrative Code and the laws of the State of New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

4. Jurisdiction in this case is based on diversity of citizenship and the amount in controversy. Plaintiff is a citizen of the state of Minnesota. Defendant is a citizen of Italy. The amount in controversy exceeds, exclusive of interest and cost, the sum of seventy-five thousand ($75,000) dollars.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as the claims at issue arose in New York County in the State of New York.

## PARTIES

6. Plaintiff is a resident of the State of Minnesota, is over the age of 40, and is an American Citizen.

7. Defendant ALITALIA - LINEE AEREE ITALIANE SpA ( hereinafter also referred to as "Alitalia") is a foreign business corporation duly existing under the laws of the State of New York.

8. Defendant ALITALIA - LINEE AEREE ITALIANE SpA is a foreign business entity which does business in the State of New York.

## FACUTAL ALLEGATIONS

9. Plaintiff began working for Alitalia on or about December 28, 1981, as a Sales Representative.

10. Plaintiff worked her way up through Alitalia to become Manager of National Accounts of Alitalia - North America.

11. Plaintiff worked out of Minnesota, but reported to the New York City office of ALITALIA in person and by phone.

12. Plaintiff brings this action for unlawful employment discrimination, which was the basis of Plaintiff's wrongful termination on December 8, 2004. However, Plaintiff fully reserves the right to introduce all previous instances of unlawful discrimination as evidence of the hostile work environment and discriminatory adverse employment actions. Any mention of dates and instances prior to December 8, 2004, are for evidentiary reasons pertinent to the work conditions and employment actions.

13. Defendant fired Plaintiff because she was too old. Defendant wanted younger Italian employees at Alitalia and Plaintiff did not fit this profile.

14. Defendant also fired Plaintiff because of her citizenship. Plaintiff is an American Citizen and Defendant is of Italian Citizenship.

15. On or about December 2003, during a meeting held in New York, Mr. Francesco Mengozzi, the CEO of Alitalia, directed Francesco Gallo, Senior Vice President of Corporate Affairs for Alitalia Group, to terminate at least 50% of Alitalia's North American Division employees, supervisors and managers who were over the age of 50 years, and to replace these "older" workers with younger individuals, not older than "30/32 years of age."

16. Plaintiff herself was over the age of 50 years at that time.

17. On December 8, 2004, Plaintiff was at Defendant's office in New York City in connection to a work related meeting. After the meeting had concluded, Plaintiff was asked to meet with Marco D'ilario, Plaintiff's supervisor and Senior Director of Sales USA and Mexico.

18. At the meeting with Mr. D'ilario, Francesco Gallo was present. Mr. Gallo terminated Plaintiff and told her that the decision was made as a result of "cut backs".

19. Plaintiff asked Mr. D'ilario and Mr. Gallo if there were any other positions available that she could fill and Plaintiff was told that there were none.

20. Plaintiff's position was filled by other employees that were significantly younger than Plaintiff.

21. Defendant provided Plaintiff with two (2) weeks pay in lieu of notice of termination and three (3) weeks of medical coverage. This package deviated from the severance compensation that management and non-management employees received when they were terminated from 2002 – 2004.

22. Defendant's severance package at the time was outlined in the Alitalia Human Resource Department's brochure on "How to Conduct Layoff Discussions", which also included extended health care benefits, resume writing assistance, psychological counseling and a cash settlement.

23. Defendant's practice from 2002 – 2004 was to provide non-management employees two (2) weeks salary for every year that they were employed with Defendant without limitations as to the number of years employed. Management employees received three (3) weeks salary for every year they were employed by Defendant, without limitation as to the number of years employed.

24. Plaintiff was entitled to three (3) week formula because she was a management employee.

25. Plaintiff was unlawfully humiliated and emotionally strained by the Defendant's conduct in discriminating against her for being over 50 years of age and of American citizenship.

26. As a result of Defendant's discriminatory conduct, Plaintiff suffers emotional distress and loss of income and earnings.

27. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

28. As a result of the Defendant's discriminatory and intolerable treatment of Plaintiff, Plaintiff suffered severe emotional distress and physical ailments.

29. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

30. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

31. As Defendant's conduct has been willful, outrageous, done with full knowledge of the law, and as such Plaintiff also demands punitive damages against Defendant.

32. Other conduct of the Defendant, prior to December 8, 2004, merely as evidence of the Defendant's malicious intent and willfulness in discriminating against its employees over the age of 50, and to demonstrate additional motivation behind its decision to unlawfully terminate Plaintiff because she was an American citizen over the age of 50, is as follows:

33. On or about September 2002, at a meeting relating to the economic situation and budget result for the year 2002 for North American and Central America, attended by

Defendant's employees from all over the world, including, but not limited to, Fracesco Gallo, Paolo Fabiani, Mr. Gallo's immediate supervisor, and Francesco Mengozzi, CEO of the Company, Mr. Mengozzi stated, inter alia, "it is time that we understand that this company needs young people... People who have new visions. People over 50 should make space for younger people."

34. On or about December 2003, Mr. Mengozzi, during a visit to Defendant's New York City office, with Mr. Zanichelli, P.R. Executive Senior Vice President, Mr. D'Angelo, Vice President of Human Resources, Antonio Pola, Director of Administration, Francesco Gallo, and Niels Wulf, Senior Vice President of Sales, Mr. Mengozzi berated Francesco Gallo for not having terminated the "old" employees.

35. After the meeting, Mr. Mengozzi requested to meet with the Human Resources Director, Howard Tiegel. Mr. Tiegel that evening told Francesco Gallo to prepare a list with the names of all employees over 50 years of age, and also made a statement that all these people had to leave the company.

36. Upon information and belief, Mr. Tiegel protested Defendant's discriminatory policies so Defendant paid Mr. Tiegel money to secure a release and terminated him.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38. Executive Law § 296 (1) provides that   It shall be an unlawful discriminatory practice:

6

(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

39. Defendant engaged in unlawful discriminatory practices by discriminating against the Plaintiff because of her age.

40. Plaintiff also claims that Defendant violated any and all applicable sections of New York State's Executive Law pertaining to the facts herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

43. Defendant engaged in unlawful discriminatory practices in violation of New York City Administrative Code Title 8, §8-107(1)(a) by discharging, creating and

7

maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her age and citizenship.

44. Defendant is also liable under New York City Administrative Code Title 8-107(13), which creates "Employer liability for discriminatory conduct by employee, agent or independent contractor."

45. Plaintiff also claims that Defendant violated any and all applicable sections of New York City's Administrative Code pertaining to the facts herein.

## INJURY AND DAMAGES

46. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses, disability benefits, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant and requests that this Court:

A. Declaring that the Defendant engaged in unlawful employment practice prohibited by state common law, New York State Executive Law §296 et. Seq. and The New York

8

City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendant discriminated against and discharged Plaintiff on the basis of Plaintiff's age and citizenship;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated:    New York, NY
          April 8, 2008

Respectfully submitted,

By: _____

Fausto E. Zapata, Jr. (FZ 4957)
THE LAW OFFICES OF
FAUSTO E. ZAPATA, JR., P.C.
Attorneys for Plaintiff
305 Broadway, Suite 1101
New York, NY 10007
(212) 766-9870

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LINDA RYLOTT-ROONEY,                       Index No.: 07 CV 11091

          Plaintiff,

-against-

ALITALIA - LINEE AEREE ITALIANE SpA,

          Defendant.

------------------------------------------------------------X

I, Fausto E. Zapata, Jr., hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, that on April 8, 2008, I caused a copy of the foregoing AMENDED COMPLAINT to be served by electronic email, with the written consent of Defendant, thereby ensuring that the following party received a copy of the same:

Alan Koral (AK 1503)
Vedder Price

*Attorney for Defendant*
*Alitalia*

_____
Fausto E. Zapata, Jr.

Dated: New York, New York
April 15, 2008

ISMAIL S. SEKENDIZ
Notary Public, State of New York
No. 02SE6151705
Qualified in Kings County
Commission Expires August 21, 2010