UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA RYLOTT-ROONEY,

Plaintiff,

-against-

ALITALIA–LINEE AEREE ITALIANE SpA,

Defendant.

Case No. 07-CV-11091 (JSR)

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE THAT** upon the accompanying Declaration of Alan M. Koral, Esq., dated August 26, 2008, and the exhibits annexed thereto, the accompanying Memorandum of Law, the accompanying Statement of Uncontested Material Facts made pursuant to Local Rule 56.1, and all the papers and proceedings heretofore had herein, including the Amended Complaint (annexed as Exhibit A hereto) and the Answer to the Amended Complaint (annexed as Exhibit B hereto), defendant Alitalia–Linee Aeree Italiane SpA ("Alitalia" or "Defendant"), by its attorneys, Vedder Price P.C., will move this Court, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, New York, Courtroom 14-B, on October 3, 2008 at 3:00 p.m., before the Hon. Jed S. Rakoff, for an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the Amended Complaint in the above captioned action on the grounds that, based on undisputed facts in the record, Plaintiff cannot establish the requisite elements of her claims against Defendant, awarding Defendant its reasonable costs and disbursements incurred on this motion, and granting such other and further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to the schedule set forth during the parties' telephone conference with the Court on July 28, 2008, opposing papers, if any, shall be served upon the undersigned no later than September 16, 2008.

Dated: New York, New York
         August 26, 2008

VEDDER PRICE P.C.


By:   s/ Alan M. Koral
       Alan M. Koral (AK-1503)
       Michael J. Goettig (MG-3771)
       1633 Broadway, 47th Floor
       New York, New York  10019
       (212) 407-7700

       *Attorneys for Defendant*
       *Alitalia–Linee Aeree Italiane SpA*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| LINDA RYLOTT-ROONEY, | |
| Plaintiff, | |
| -against- | Case No. 07-CV-11091 (JSR) |
| ALITALIA–LINEE AEREE ITALIANE SpA, | **CERTIFICATE OF SERVICE** |
| Defendant. | |

I, Michael Goettig, hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, that on August 26, 2008, I caused a copy of the **NOTICE OF MOTION** to be served upon Plaintiff by electronically filing same, thereby ensuring that Plaintiff's attorney, Fausto E. Zapata, Jr., Esq. of The Law Offices of Fausto E. Zapata, Jr., P.C., received same because he is a registered e-filer and registered to receive e-notices in this case.

DATED:  August 26, 2008          s/  Michael J. Goettig_____
                                 Michael J. Goettig

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

LINDA RYLOTT-ROONEY,

                Plaintiff,

    -against-

ALITALIA - LINEE AEREE ITALIANE SpA,


                Defendant.

-------------------------------------------------------X

Index No.: 07 CV 11091

**AMENDED COMPLAINT**
Plaintiff Demands a Jury

RECEIVED
APR 1 7 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, Linda Rylott-Rooney, by and through her attorneys, LAW OFFICES OF

FAUSTO E. ZAPATA, JR., P.C., complaining against Defendant, Alitalia – Linee Aeree

Italiane SpA, alleges as follows upon information and belief:


## NATURE OF THE ACTION

1. This action is brought to challenge Defendant's discriminatory conduct on the basis of

    age and citizenship, in terms and privileges of employment, in violation of the New

    York Human Rights Law, New York Executive Law §290 et seq., and the New York

    City Human Rights Law, Administrative Code of the City of New York §8-101 et seq.

2. Plaintiff seeks declaratory relief, damages and other legal relief pursuant to the New

    York State Executive Law §296a(1), and §8-107 of the New York City

    Administrative Code and the laws of the State of New York.


## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

4. Jurisdiction in this case is based on diversity of citizenship and the amount in controversy. Plaintiff is a citizen of the state of Minnesota. Defendant is a citizen of Italy. The amount in controversy exceeds, exclusive of interest and cost, the sum of seventy-five thousand ($75,000) dollars.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as the claims at issue arose in New York County in the State of New York.

## PARTIES

6. Plaintiff is a resident of the State of Minnesota, is over the age of 40, and is an American Citizen.

7. Defendant ALITALIA - LINEE AEREE ITALIANE SpA ( hereinafter also referred to as "Alitalia") is a foreign business corporation duly existing under the laws of the State of New York.

8. Defendant ALITALIA - LINEE AEREE ITALIANE SpA is a foreign business entity which does business in the State of New York.

## FACUTAL ALLEGATIONS

9. Plaintiff began working for Alitalia on or about December 28, 1981, as a Sales Representative.

10. Plaintiff worked her way up through Alitalia to become Manager of National Accounts of Alitalia - North America.

11. Plaintiff worked out of Minnesota, but reported to the New York City office of ALITALIA in person and by phone.

2

12. Plaintiff brings this action for unlawful employment discrimination, which was the basis of Plaintiff's wrongful termination on December 8, 2004. However, Plaintiff fully reserves the right to introduce all previous instances of unlawful discrimination as evidence of the hostile work environment and discriminatory adverse employment actions. Any mention of dates and instances prior to December 8, 2004, are for evidentiary reasons pertinent to the work conditions and employment actions.

13. Defendant fired Plaintiff because she was too old. Defendant wanted younger Italian employees at Alitalia and Plaintiff did not fit this profile.

14. Defendant also fired Plaintiff because of her citizenship. Plaintiff is an American Citizen and Defendant is of Italian Citizenship.

15. On or about December 2003, during a meeting held in New York, Mr. Francesco Mengozzi, the CEO of Alitalia, directed Francesco Gallo, Senior Vice President of Corporate Affairs for Alitalia Group, to terminate at least 50% of Alitalia's North American Division employees, supervisors and managers who were over the age of 50 years, and to replace these "older" workers with younger individuals, not older than "30/32 years of age."

16. Plaintiff herself was over the age of 50 years at that time.

17. On December 8, 2004, Plaintiff was at Defendant's office in New York City in connection to a work related meeting. After the meeting had concluded, Plaintiff was asked to meet with Marco D'ilario, Plaintiff's supervisor and Senior Director of Sales USA and Mexico.

18. At the meeting with Mr. D'ilario, Francesco Gallo was present. Mr. Gallo terminated Plaintiff and told her that the decision was made as a result of "cut backs".

19. Plaintiff asked Mr. D'ilario and Mr. Gallo if there were any other positions available that she could fill and Plaintiff was told that there were none.

20. Plaintiff's position was filled by other employees that were significantly younger than Plaintiff.

21. Defendant provided Plaintiff with two (2) weeks pay in lieu of notice of termination and three (3) weeks of medical coverage. This package deviated from the severance compensation that management and non-management employees received when they were terminated from 2002 – 2004.

22. Defendant's severance package at the time was outlined in the Alitalia Human Resource Department's brochure on "How to Conduct Layoff Discussions", which also included extended health care benefits, resume writing assistance, psychological counseling and a cash settlement.

23. Defendant's practice from 2002 – 2004 was to provide non-management employees two (2) weeks salary for every year that they were employed with Defendant without limitations as to the number of years employed. Management employees received three (3) weeks salary for every year they were employed by Defendant, without limitation as to the number of years employed.

24. Plaintiff was entitled to three (3) week formula because she was a management employee.

25. Plaintiff was unlawfully humiliated and emotionally strained by the Defendant's conduct in discriminating against her for being over 50 years of age and of American citizenship.

26. As a result of Defendant's discriminatory conduct, Plaintiff suffers emotional distress and loss of income and earnings.

27. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

28. As a result of the Defendant's discriminatory and intolerable treatment of Plaintiff, Plaintiff suffered severe emotional distress and physical ailments.

29. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.    Plaintiff has further experienced severe emotional and physical distress.

30. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

31. As Defendant's conduct has been willful, outrageous, done with full knowledge of the law, and as such Plaintiff also demands punitive damages against Defendant.

32. Other conduct of the Defendant, prior to December 8, 2004, merely as evidence of the Defendant's malicious intent and willfulness in discriminating against its employees over the age of 50, and to demonstrate additional motivation behind its decision to unlawfully terminate Plaintiff because she was an American citizen over the age of 50, is as follows:

33. On or about September 2002, at a meeting relating to the economic situation and budget result for the year 2002 for North American and Central America, attended by

Defendant's employees from all over the world, including, but not limited to, Fracesco Gallo, Paolo Fabiani, Mr. Gallo's immediate supervisor, and Francesco Mengozzi, CEO of the Company, Mr. Mengozzi stated, inter alia, "it is time that we understand that this company needs young people... People who have new visions. People over 50 should make space for younger people."

34. On or about December 2003, Mr. Mengozzi, during a visit to Defendant's New York City office, with Mr. Zanichelli, P.R. Executive Senior Vice President, Mr. D'Angelo, Vice President of Human Resources, Antonio Pola, Director of Administration, Francesco Gallo, and Niels Wulf, Senior Vice President of Sales, Mr. Mengozzi berated Francesco Gallo for not having terminated the "old" employees.

35. After the meeting, Mr. Mengozzi requested to meet with the Human Resources Director, Howard Tiegel. Mr. Tiegel that evening told Francesco Gallo to prepare a list with the names of all employees over 50 years of age, and also made a statement that all these people had to leave the company.

36. Upon information and belief, Mr. Tiegel protested Defendant's discriminatory policies so Defendant paid Mr. Tiegel money to secure a release and terminated him.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38. Executive Law § 296 (1) provides that    It shall be an unlawful discriminatory practice:

      (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

39. Defendant engaged in unlawful discriminatory practices by discriminating against the

    Plaintiff because of her age.

40. Plaintiff also claims that Defendant violated any and all applicable sections of New

    York State's Executive Law pertaining to the facts herein.

AS A SECOND CAUSE OF ACTION
FOR DISCRIMINATION UNDER
<u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs

    of this complaint.

42. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an

    unlawful discriminatory practice: "(a) For an employer or an employee or agent

    thereof, because of the actual or perceived age, race, creed, color, national origin,

    gender, disability, marital status, sexual orientation or alienage or citizenship status of

    any person, to refuse to hire or employ or to bar or to discharge from employment

    such person or to discriminate against such person in compensation or in terms,

    conditions or privileges of employment."

43. Defendant engaged in unlawful discriminatory practices in violation of New York

    City Administrative Code Title 8, §8-107(1)(a) by discharging, creating and

7

maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her age and citizenship.

44. Defendant is also liable under New York City Administrative Code Title 8-107(13), which creates "Employer liability for discriminatory conduct by employee, agent or independent contractor."

45. Plaintiff also claims that Defendant violated any and all applicable sections of New York City's Administrative Code pertaining to the facts herein.

## INJURY AND DAMAGES

46. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses, disability benefits, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant and requests that this Court:

A. Declaring that the Defendant engaged in unlawful employment practice prohibited by state common law, New York State Executive Law §296 et. Seq. and The New York

City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendant discriminated

against and discharged Plaintiff on the basis of Plaintiff's age and citizenship;

B.  Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages

and benefits, past and future, back pay and front pay, resulting from Defendant's

unlawful termination of employment and to otherwise make Plaintiff whole for any

losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury,

distress, pain and suffering and injury to reputation in a amount in excess of the

jurisdiction of all lower courts;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the

action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just

and proper to remedy the Defendant's unlawful employment practices.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

demands a trial by jury.

Dated:          New York, NY
                April 8, 2008

                              Respectfully submitted,

                              By:

                              Fausto E. Zapata, Jr. (FZ 4957)
                              THE LAW OFFICES OF
                              FAUSTO E. ZAPATA, JR., P.C.
                              Attorneys for Plaintiff
                              305 Broadway, Suite 1101
                              New York, NY 10007
                              (212) 766-9870

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

LINDA RYLOTT-ROONEY,                                    Index No.: 07 CV 11091

                              Plaintiff,

              -against-

ALITALIA - LINEE AEREE ITALIANE SpA,


                              Defendant.

--------------------------------------------------------------X

     I, Fausto E. Zapata, Jr., hereby declare, pursuant to 28 U.S.C. 1746, under penalty of

perjury, that on April 8, 2008, I caused a copy of the foregoing AMENDED COMPLAINT

to be served by electronic email, with the written consent of Defendant, thereby ensuring

that the following party received a copy of the same:


                      Alan Koral (AK 1503)
                      Vedder Price


                      *Attorney for Defendant*
                      *Alitalia*


Dated: New York, New York
     April 13, 2008                                    _____
                                Fausto E. Zapata, Jr.

ISMAEL S. SEKENDIZ
Notary Public, State of New York
No. 02SE6151705
Qualified in Kings County
Commission Expires August 21, 2010

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA RYLOTT-ROONEY,

                        Plaintiff,

               - against -

ALITALIA – LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Index No. 07 CV 11091**

**ECF CASE**

**ANSWER TO**
**AMENDED COMPLAINT**

Defendant Alitalia Linee Aeree Italiane, S.p.A. ("Defendant" or "Alitalia"), by its undersigned attorneys, hereby answers the Amended Complaint of Plaintiff Linda Rylott-Rooney ("Plaintiff" or "Rylott-Rooney") as follows, in the same numbered order as the paragraphs therein appear:

## NATURE OF THE ACTION

1.       Defendant admits the allegation in paragraph 1 of the Amended Complaint, except denies that it has committed any discriminatory acts with respect to Plaintiff.

2.       The allegations set forth in paragraph 2 of the Amended Complaint constitute mere legal conclusion or argument, and therefore require no response.

## JURISDICTION AND VENUE

3.       Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegation set forth in paragraph 3 of the Amended Complaint, and therefore denies the same.

1

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegation set forth in paragraph 4 of the Amended Complaint, and therefore denies the same.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsehood of the allegation set forth in paragraph 5 of the Amended Complaint, and therefore denies the same.

## PARTIES

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Rylott-Rooney's residence.

7.     Defendant admits that Alitalia is an Italian corporation, but denies that it is a "foreign business corporation duly existing under the laws of the State of New York." Further answering, Defendant states that it is admitted to do business in the State of New York.

8.     Defendant admits the allegation in paragraph 8 of the Amended Complaint.

## ALLEGATIONS

9.     Defendant denies the allegation in paragraph 9 of the Amended Complaint. Further answering, Defendant states that Plaintiff began working for Alitalia on January 4, 1982.

10.     Defendant admits the allegations in paragraph 10 of the Amended Complaint, except states that Plaintiff's last position with Alitalia was Manager, National and Corporate Accounts.

11.     Defendant admits the allegation in paragraph 11 of the Amended Complaint.

12.     The allegations set forth in paragraph 12 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response. To the extent, however, that paragraph 12 contains any factual assertions, Alitalia denies them.

13.     Defendant denies the allegations in paragraph 13 of the Amended Complaint.

14.     Defendant admits the allegations in paragraph 14 of the Amended Complaint, except denies that Plaintiff was fired because of her citizenship.

15.     Defendant denies the allegations in paragraph 15 of the Amended Complaint.

16.     Defendant admits the allegation in paragraph 16 of the Amended Complaint.

17.     Defendant admits the allegations in paragraph 17 of the Amended Complaint.

18.     Defendant admits the allegations in paragraph 18 of the Amended Complaint.

19.     Defendant admits the allegations in paragraph 19 of the Amended Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Amended Complaint.

21.     Defendant denies the allegation in paragraph 21 of the Amended Complaint, but admits that Plaintiff was given two weeks of pay in lieu of notice and three weeks of medical coverage.

22.     Defendant denies the allegations in paragraph 22 of the Amended Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegation in paragraph 24 of the Amended Complaint.

25.     The allegations set forth in paragraph 25 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.  To the extent, however, that paragraph 25 contains any factual assertions, Alitalia denies them.

26.     The allegations set forth in paragraph 26 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.  To the extent, however, that paragraph 26 contains any factual assertions, Alitalia denies them.

27.     The allegations set forth in paragraph 27 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.  To the extent, however, that paragraph 27 contains any factual assertions, Alitalia denies them.

3

28.     The allegations set forth in paragraph 28 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.  To the extent, however, that paragraph 28 contains any factual assertions, Alitalia denies them.

29.     The allegations set forth in paragraph 29 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.  To the extent, however, that paragraph 29 contains any factual assertions, Alitalia denies them.

30.     The allegation set forth in paragraph 30 of the Amended Complaint consists of mere legal argument and conclusion, and therefore requires no response.

31.     The allegations set forth in paragraph 31 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.  To the extent, however, that paragraph 31 contains any factual assertions, Alitalia denies them.

32.     The allegations set forth in paragraph 32 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.  To the extent, however, that paragraph 32 contains any factual assertions, Alitalia denies them.

33.     Defendant denies the allegations in paragraph 33 of the Amended Complaint, except admits that a meeting was held in 2002 at which Mr. Gallo, Mr. Fabiani and Mr. Mengozzi were present.

34.     Defendant denies the allegations in paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Amended Complaint.

### FIRST CAUSE OF ACTION
### (Discrimination Under State Law)

37.     Defendant repeats and realleges its answers to paragraphs 1 through 36 of the Amended Complaint as though fully set forth herein in response to the allegations in paragraph 37.

38.     Defendant admits that Section 296(1)(a) of the New York State Executive Law is accurately quoted in paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Amended Complaint, but admits that the Title 8-107(13) of the New York City Administrative Code is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor."

41.     The allegations set forth in paragraph 41 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.

**SECOND CAUSE OF ACTION**
**(Discrimination Under New York City Law)**

42.     Defendant repeats and realleges its answers to paragraphs 1 through 41 of the Amended Complaint as though fully set forth herein in response to the allegations in paragraph 42.

43.     Defendant admits that Section 8-107(1)(a) of the New York City Administrative Code is accurately quoted in paragraph 43 of the Amended Complaint.

44.     The allegations set forth in paragraph 44 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.  To the extent, however, that paragraph 44 contains any factual assertions, Alitalia denies them.

45.     Defendant denies the allegations in paragraph 45 of the Amended Complaint, but admits that the Title 8-107(13) of the New York City Administrative Code is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor."

46.     The allegations set forth in paragraph 46 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.  To the extent, however, that paragraph 46 contains any factual assertions, Alitalia denies them.

## INJURY AND DAMAGES

47.    The allegations set forth in paragraph 47 of the Amended Complaint consist of mere legal argument and conclusion, and therefore require no response.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the any of the relief prayed for.

## DEFENSES

1.    The Amended Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff never complained to Alitalia about any alleged discrimination.

3.    On information and belief, Defendant asserts that Plaintiff failed to make reasonable efforts to mitigate any damages she may have suffered.

4.    Defendant has, in good faith, implemented a grievance procedure designed to address any instances of discrimination that may arise within Alitalia, thus precluding the availability of punitive damages.

5.    Plaintiff has failed to serve a copy of her Amended Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, and so has not complied with Section 8-502 of the New York City Administrative Code.

**WHEREFORE,** Defendant prays that the Court dismiss Plaintiff's Amended Complaint in its entirety and award Defendant such further relief as to the Court may seem just and proper.

Dated: New York, New York.      Respectfully submitted,
      April 25, 2008

                                     **VEDDER PRICE P.C.**


By:  /s/  Alan M. Koral
       Alan M. Koral (AK 1503)
       Daniel C. Green (DG 0059)

       1633 Broadway, 47th Floor
       New York, New York  10019
       Phone:  (212) 407-7700
       Fax:  (212) 407-7799

       Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------

LINDA RYLOTT-ROONEY,

                          Plaintiff,                    **Index No.: 07 CV 11091**


         -against-                                      <u>**ECF CASE**</u>

ALITALIA – LINEE AEREE ITALIANE –
SOCIETA PER AZIONI,,

                          Defendants.

-------------------------------------------

     I, Alan Koral, hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, that on

April 25, 2008, I caused a copy of the foregoing **ANSWER TO AMENDED COMPLAINT** to be

served by electronically filing same, thereby ensuring that the following party, who registered to

receive e-notices in this case, received a copy of same:

                                   Fausto E. Zapata, Jr., Esq. (FZ 4957)
                                   Law Office of Fausto E. Zapata, Jr.
                                   305 Broadway
                                   Suite 1101
                                   New York, NY 10007

                                   *Attorney for Plaintiff*
                                   *Linda Rylott-Rooney*


DATED:  New York, New York            s/  Alan  M. Koral
           April 25, 2008                     Alan M. Koral